UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY A. HASSELL   CASE NO.: 2:07-CV-13319
   Plaintiff,

v.   DISTRICT JUDGE ARTHUR J. TARNOW
  MAGISTRATE JUDGE STEVEN D. PEPE

NORFOLK SOUTHERN RAILWAY CO.
   Defendant, Third Party Plaintiff,

v.

DETROIT REGIONAL DISTRIBUTION CENTER, INC.
   Third Party Defendant.
             /

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT (DKT. # 40)**

On November 6, 2006, Plaintiff, who was employed at the Detroit Regional Distribution Center ("DRDC"), injured his right hand and wrist such that "surgical intervention" was required (Dkt. #1, ¶ 4). On August 9, 2007, Plaintiff filed a diversity suit against Defendant, Norfolk Southern Railway Co. (Dkt. #1). Plaintiff alleges that his injury was caused by the malfunctioning of a door mechanism on a boxcar owned and operated by Defendant. The boxcar had an identification number (NS #488185) indicating that it was owned by Defendant Norfolk Southern Railway Company.

On January 18, 2008, Defendant filed a Third Party Complaint against DRDC alleging breach of contract and in the alternative that damages be assessed, proportionally between Defendant and DRDC (Dkt. # 17).

On April 9, 2008, a Stipulated Revised Scheduling Order was enter which, *inter alia*,

ordered that discovery must be completed by November 3, 2008, and scheduled the Final Pretrial/Settlement Conference for February 10, 2009 (Dkt. # 35).

On May 14, 2008, Plaintiff filed a motion for leave to file a Third Amended Complaint asserting a new claim against Defendant (Dkt. # 40). Pursuant to the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51, this Third Amended Complaint alleges that for purposes of FELA, Plaintiff should be considered Defendant's "employee" under a master-servant/subservant theory.

Defendant filed a response to this motion on June 4, 2008, claiming that amendment was futile because Plaintiff was neither an employee of Defendant nor could he be considered an employee for the purposes of FELA (Dkt. # 43).

Plaintiff's motion was referred to the undersigned for hearing and determination (Dkt. # 44). A telephonic hearing was held on this motion on July 16, 2008.

**I. Legal Background:**

*Kelley v. Southern Pacific Co.*, 419 U.S. 318 (1974), established the three ways in which a plaintiff can be considered an "employee" of a railroad for purposes of FELA. The employee could be serving as the borrowed servant of the railroad at the time of his injury. *See Limstead v. Chesapeake & Ohio R. Co.*, 276 U.S. 28, 48 (1928). The employee could be deemed to be acting for two masters simultaneously. *See Williams v. Pennsylvania R. Co.*, 313 F.2d 203, 209 (2d Cir. 1963). And last, the employee could be a subservant of a company that was in turn a servant of the master railroad. *See Schroeder v. Pennsylvania R. Co.*, 397 F.2d 452 (7th Cir. 1968). Both parties in the instant case agree that only the master/subservant theory of a covered "employee" is applicable.

The Court in *Kelley* found that the relationship between the railroad and the petitioner

came closest to suggesting a master/subservant relationship running from the railroad through petitioner's employer to petitioner. *Kelley*, 419 U.S. at 325. Upon remand, the district court found that in part because plaintiff's employer was a wholly-owned subsidiary of the railroad, a master/subservant relationship did indeed exist. *Kelley v. Southern Pacific Co.*, No. CV-45344 (N.D.Cal., September 3, 1975).

The New Jersey Supreme Court also has held that a parent company and a wholly-owned subsidiary can be the basis for a master/subservant relationship. *Pelliccioni v. Schuyler Packing Co. & Penn Cent. Transp. Co.*, 140 N.J. Super. 190; 356 A.2d 4 (1976). In *Pelliccioni*, it was undisputed that the directorships of the two corporations interlocked. *Id.* at 201. The court found that a jury could have reasonably found from the evidence that the plaintiff's direct employer solicited no business, collected no charges, had no terminals, and depended entirely on concentrations of freight at places designated by the railroad at its discretion. *Id.* While none of those factors was individually decisive on the issue, the court was of the opinion that the evidence, including the evidence relating to plaintiff's employment at the time of the accident, was sufficient to warrant submission to the jury of the question whether there existed a master and servant relationship. *Id.*

The plaintiff in *Schroeder* was employed by a trucking company who had a contract with the railroad and plaintiff was actually supervised by railroad employees. *Schroeder*, 397 F.2d at 454-55. Although the contract denoted the trucking company as an independent contractor, the court determined that the terms of the contract between the railroad and the trucking "suggest[ed] the existence of a master-servant relationship."

## II. Factual Background:

Plaintiff's motion for leave to amend is made pursuant to Rule 15(a) which provides that

leave to amend should be "freely given when justice so requires." Fed. R. Civ. P. 15(a). The "decision to grant leave to amend is committed to the trial court's discretion, limited by Fed. R. Civ. P 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

Thus, "unless the district court's reasons for dismissing the motions to amend were 'readily apparent' the dismal [can] not be sustained." *Couch v. Jabe*, 1992 WL 340397, at *1 (6th Cir. 1992) (citing *Espey v. Wainwright*, 734 F.2d 748, 750 (11th Cir. 1984) ("unless there is a substantial reason to deny leave to amend, the discretion of the district court is not bound enough to permit denial.")).

Denial of a request for leave to amend may be appropriate, however, when the amendment would be futile. *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000) ("a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss."). In reviewing such a motion, which is based on failure to state a claim upon which relief can be granted, "[f]actual allegations must be enough to raise a right of relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *NicSand, Inc. V. 3M Co.*, 507 F.3d 442, 461 (6th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). While *Twombly* overturned the longstanding *Conley v. Gibson* standard "that a complaint should not be dismissed for failure to state a claim unless *it appears beyond doubt* that the plaintiff can *prove no set of facts* in support of his claim which would entitle him to relief." (Emphasis supplied.) [1]

It noted that a "literal reading of *Conley*'s 'no set of facts' standard, a wholly conclusory

---

[1] *Conley v. Gibson*, 355 U.S. 41, 46 (1957).

statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly* rejected this literal reading of *Conley* and required that pleadings state sufficient facts to show not just a possible, but a "plausible" claim of relief. Instead of the 'no set of facts' standard of *Conley, Twombly* endorsed the standard that a complaint be plausible to the extent that from the facts alleged there is a " 'reasonably founded hope' " that a plaintiff would be able to make a case," citing *Dura Pharmaceuticals, Inc. v. Broudo,* 544 U.S. 336, 347 (2005) and its quote from *Blue Chip Stamps v. Manor Drug Stores,* 421 U.S. 723, 741(1975).

      Plaintiff has not alleged that DRDC is a wholly owned subsidiary of Defendant nor that there is a contract between DRDC and Norfolk Southern Railway beyond the lease agreement that has DRDC undertaking tasks for General Motors ("GM") on behalf of Norfolk Southern. Plaintiff has, however, alleged facts that if proven true would have the same effect (Dkt. #1, ¶¶ 14, 27). Plaintiff has alleged that DRDC was "developed" by Defendant, or its parent company, Norfolk Southern Corporation "in an effort to secure business related to the shipment of automotive products previously dominated by the trucking industry" (Dkt. #1, ¶ 14). This suggests the possibility that DRDC was "developed" by Norfolk Southern to undertake loading tasks for Norfolk Southern and GM that otherwise would be performed by Norfolk Southern. Plaintiff has also alleged that "[a]t all time pertinent hereto, Defendant . . . controll[ed] or ha[d] a right to control the day to day supervisory activities of [DRDC]" (Dkt. #1, ¶ 27). While Defendant Norfolk Southern Railway asserts and provides outside evidence that contest this allegation, it is not appropriate that a motion to amend be converted into a Rule 56 Summary Judgment without the non-moving party having completed discovery if their pleading is minimally sufficient.

The standard by which Plaintiff's motion for leave to amend is judged is the Fed. R. Civ. P. 12(b)(6) pleading standard.  After *Twombly* that requires pleadings that assert a plausible claim above the speculative level with a "reasonably founded hope" of succeeding after discovery is completed.  Plaintiff has alleged facts – DRDC was "developed" by Norfolk Southern and controlled or had a right to control the daily activities of DRDC and its employees – that if proven true would state a claim that Plaintiff was an "employee" of Norfolk Southern for purposes of FELA liability.  Defendant brought up extraneous information that supported its case which should appropriately await the completion of discovery and be addressed in a motion for summary judgment standard under Rule 56. Although Plaintiff's FELA claim ultimately may not survive a summary judgment motion, at this time he has plead sufficient facts to permit the amendment.

Accordingly, for this and other reasons stated on the record, Plaintiff's motion to amend is **GRANTED** .

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1),  Fed. R. Civ. P. 72(b) and LR 72.1(d).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**
Dated: July 17, 2008                                                  s/ Steven D. Pepe
Ann Arbor, MI                                                               United States Magistrate Judge

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing ***Order*** was served on the attorneys and/or parties of record by electronic means on July 17, 2008.

s/ Alissa Greer
Case Manager to Magistrate
Judge Steven D. Pepe
(734) 741-2298
