UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY A. HASSELL          CASE NO.: 2:07-CV-13319
          Plaintiff,

v.                          DISTRICT JUDGE ARTHUR J. TARNOW
                            MAGISTRATE JUDGE STEVEN D. PEPE

NORFOLK SOUTHERN RAILWAY CO.
          Defendant, Third Party Plaintiff,

v.

DETROIT REGIONAL DISTRIBUTION CENTER, INC.
          Third Party Defendant.
_____/

**ORDER GRANTING IN PART PLAINTIFF'S
MOTION FOR SANCTIONS (DKT. # 55)**

Plaintiff's counsel took the deposition of Richard G. Klein on April 15, 2008, concerning the relation of Norfolk Southern Railroad Company ("NSRC") and the Detroit Regional Distribution Center "DRDC"), Inc. Of which Mr. Klein is Vice-President. This discovery related to Plaintiff's Third Amended Complaint alleges that for purposes of FELA, Plaintiff should be considered Defendant NSRC's "employee" under a master-servant/subservant theory. While Plaintiff works for NSRC, he claims that he is a subservant of a company [DRDC] that was in turn a servant of the master railroad [NSRC]. *See Schroeder v. Pennsylvania R. Co.*, 397 F.2d 452 (7th Cir. 1968). His amended complaint alleges that "[a]t all time pertinent hereto, Defendant [NSRC] . . . controll[ed] or ha[d] a right to control the day to day supervisory activities of [DRDC]" (Dkt. #1, ¶ 27).

Plaintiff wishes to take the deposition of Norman E. Klein, one of the organizers

and the head of DRDC concerning the involvement of NSRC in setting up DRDC. He also wishes to continue the deposition of Richard G. Klein, whose deposition was taken April 15, 2008. Plaintiff seeks sanctions in the present motion for the evasive and incomplete responses of Mr. Richard Klein at his deposition (Dkt. # 55). Having reviewed that deposition transcript, it appears that Mr. Klein was at time evasive and uncooperative with his asserting lack of knowledge on several matters that were not plausible. Plaintiff's motion is GRANTED IN PART, without costs. The depositions will proceed without court supervision within the next three weeks. If either of these depositions indicate a need for further deposition questioning being done under court supervision, there will be an assessment of costs, including attorney fees.

The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon the Magistrate Judge.

**SO ORDERED.**

s/Steven D. Pepe
United States Magistrate Judge

Dated: November 19, 2008

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 19, 2008.

s/V. Sims
Case Manager